UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONSTANCE BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07CV1865 TIA |
| | ) |
| MICHAEL ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is on appeal from an adverse ruling of the Social Security Administration. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**I.    Procedural History**

On August 1, 2003, Claimant Constance Bryant filed an application for Disability Insurance Benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq. (Tr. 135-37).[1] In the Disability Report Adult completed by Claimant and filed in conjunction with the application, Claimant stated that her disability began on June 4, 2003, due to degenerative disc disease of the cervical and lumbar spine, carpal tunnel syndrome, the residuals of arthrosporic left knee surgery, and high blood pressure. (Tr. 106-09).[2] On initial consideration, the Social

---

[1] "Tr." refers to the page of the administrative record filed by the defendant with its Answer (Docket No. 7/filed December 27, 2007).

[2] The record shows that Claimant was found to be disabled beginning April 8, 2005 based on a subsequent application for a Period of Disability and Disability Insurance Benefits filed on June 29, 2005. Claimant has been receiving benefits based on that onset date. Therefore, in the instant case, the issue to be determined is whether Claimant was disabled prior to the established onset date of April 8, 2005.

Security Administration denied Claimant's claims for benefits on September 11, 2003. (Tr. 96-100). Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 95). On October 26, 2004, a hearing was held before an ALJ. (Tr. 12, 73). Claimant testified and was represented by counsel. (Id.). Thereafter, on April 7, 2005, the ALJ issued a decision denying Claimant's claims for benefits. (Tr. 70-82). On September 29, 2005, the Appeals Council issued an order vacating the prior hearing decision and remanding the case to an ALJ for further administrative action. (Tr. 64). In particular, the Appeals Council directed the ALJ to evaluate Claimant's mental impairments and her RFC and explain the appropriate weight given to the assessments of the state agency consultants, not physicians. (Tr. 64-65). The Appeals Council further directed the ALJ to obtain supplemental evidence from a vocational expert to clarify Claimant's ability to perform her past relevant work. (Tr. 66). Thereafter, on September 11, 2006, a hearing was held before an ALJ. (Tr. 23-36). Claimant testified and was represented by counsel. (Id.). Vocational Expert Jeffrey F. Magrowski, Ph.D., a certified rehabilitation counselor, also testified at the hearing. (Tr.31-35). On October 24, 2006, the ALJ issued a decision finding Claimant not to be disabled and not entitled to Disability Insurance Benefits. (Tr. 9-18). The Appeals Council found no basis for changing the ALJ's decision after considering the letters from Claimant's counsel and the additional evidence and denied Claimant's request for review of the ALJ's decision on August 31, 2007. (Tr. 4-7).[3] The ALJ's determination thus

---

[3]The undersigned interprets the Appeals Council's statement that the additional evidence did not provide a basis for changing the ALJ's decision a finding that the contentions raised in the letter of Claimant's counsel was not material. *See* Bergmann v. Apfel, 207 F.3d 1065, 1069-70 (8th Cir. 2000) (whether additional evidence meets criteria is question of law; to be material, evidence must be relevant to claimant's condition for time period for which benefits were denied, and must not merely detail after-acquired conditions or post-decision deterioration of pre-existing condition).

stands as the final decision of the Commissioner. 42 U.S.C. § 405(g).

The Commissioner of Social Security is charged with determining the existence of a disability, through the application of a five step process, *See* 20 C.F.R. § 416.920; *see also* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The ALJ in the instant case concluded, at the final step of this inquiry, that Claimant was able to perform a full range of light work reduced by her inability to reach overhead more than occasionally, and therefore was not disabled. In reaching this decision, the ALJ was required to determine Claimant's RFC. "The RFC is a function-by-function assessment of an individual's ability to do work-related activities based upon all of the relevant evidence." Casey v. Astrue, 503 F.3d 687, 697 (8th Cir. 2007). "While the ALJ must consider all relevant evidence in determining a claimant's RFC, the RFC is ultimately a medical question that must find at least some support in the medical evidence of record." Id. at 697.

Claimant cites Dewey v. Astrue, 509 F.3d 447 (8th Cir. 2007) in support of her argument that the ALJ erroneously relied upon the assessment of a non-medical agency consultant in determining the Physical Residual Functional Capacity Assessment ("PRFCA"). First, although the ALJ made no explicit reference to the consultant's RFC findings in his decision, unlike in Dewey, the ALJ relied on the consultant's RFC assessment when formulating the RFC and the hypothetical for the vocational expert at the hearing. Indeed, the exact findings of the disability consultant appear to have been wholly incorporated by the ALJ in determining Claimant's RFC. *Compare* Physical Residual Functional Capacity Assessment (Tr. 279-87) *with* ALJ's decision (Tr. 15). Although the ALJ did not cite to Ms. Anderson's RFC assessment, the ALJ adopted the RFC assessment in the decision by finding Claimant to have the residual functional capacity "to perform the physical exertion and non-exertional requirements of work involving frequent lifting

up to 10 pounds, occasional lifting up to 20 pounds, sitting, standing, and walking for up to 6 hours each out of the 8 hour workday, and occasional reaching overhead." (Tr. 17). The ALJ's decision fails to offer any further support for his findings. Further the medical record is devoid of a medical opinion supporting the ALJ's RFC determination. Clearly, the ALJ relied on Ms. Anderson's RFC assessment in denying benefits to Claimant. A review of Ms. Anderson's RFC assessment shows that she did not consider Claimant's medical records in making her conclusion. *See* § III of RFC Assessment ("Treating or Examining Source Statement(s)). (Tr. at 286). Ms. Anderson was not a medical expert, but rather a non-medical state employee.

Second, like the ALJ in Dewey , the ALJ thought the PRFCA had been completed by a physician; it had not. Id. at 449. Thus, it appears that the ALJ misapprehended the nature, and the ultimate significance, of the state agency residual functional capacity assessment. It does not appear that any state agency physician reviewed or concurred with the findings of the consultant in the PRFCA. The ALJ in the instant case erroneously believed that Ms. Anderson was a physician as evidenced by his reference to state doctors during his questioning of the vocational expert at the hearing. In the ALJ's decision, the ALJ noted how a vocational expert testified at the hearing and was asked to consider "a hypothetical question, consistent with the state agency residual functional capacity assessment." (Tr. at 13). At the hearing, the ALJ asked the vocational expert to assume a hypothetical claimant noting that "the state doctors have opined that this hypothetical [claimant] can lift and carry up to 20 pounds occasionally, 10 pounds frequently, sit for six hours out of eight, stand or walk for six hours out of eight, and is limited in reaching overhead to occasional." (Tr. 33).

Accordingly, the undersigned will remand the case to the ALJ for hearing inasmuch as the

ALJ's erroneous reliance on Ms. Anderson's RFC assessment as a medical professional was significant. In wholly adopting the assessment of the state agency disability consultant and crediting them as "medical expert" opinion, the ALJ inadvertently weighed the opinion of a lay person under the rules appropriate for weighing the opinion of a medical consultant in reaching the conclusion that Claimant is not disabled and this would be a legal error in applying the ruling. <u>Dewey</u>, 509 F.3d at 449. Although the ALJ discussed and cited to the medical records that were on record in further support of his position, this cannot overcome the indisputable reliance on a non-medical assessment as medical testimony. With the his premise of Ms. Anderson being a medical source erroneous, the ALJ's entire analysis is not supported by substantial evidence. As in <u>Dewey</u>, the ALJ in this case also misapprehended the qualifications of the individual who completed the RFC assessment. The undersigned finds that this case should be remanded for a proper analysis of Claimant's RFC, including correct interpretation of the qualifications of and the proper weight accorded to the opinions of Mr. Anderson and, in light of the fact that Ms. Anderson is not a physician, a proper weighing of the other evidence of record.

Accordingly,

**IT IS HEREBY ORDERED** that this cause be **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum and Order.

        /s/Terry I. Adelman  
    UNITED STATES MAGISTRATE JUDGE

Dated this   14th   day of May, 2009.